# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1341V
Filed: September 27, 2019
UNPUBLISHED

| | |
|---|---|
| MAIA MERIN,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for petitioner.
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 31, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on October 20, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 21, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On September 26, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $103,102.25

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(comprised of $82,500.00 for pain and suffering, $1,114.38 for past unreimbursable expenses, and $19,487.87 for lost earnings).  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $103,102.25** (comprised of $82,500.00 for pain and suffering, $1,114.38 for past unreimbursable expenses, and $19,487.87 for lost earnings) **in the form of a check payable to petitioner, Maia Merin.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MAIA MERIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1341V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 21, 2019, respondent filed a Rule 4(c) Report, in which he conceded entitlement to compensation. On the same day, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation for her shoulder injury related to vaccine administration ("SIRVA").

### I. Items of Compensation

A. Pain and Suffering

Respondent proffers that the Court should award Maia Merin a lump sum of $82,500.00 for her actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

1

B. Past Unreimbursable Expenses

Respondent proffers that the Court should award Maia Merin a lump sum of $1,114.38 for past unreimbursable expenses, as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

C. Lost Earnings

The parties agree that based upon the evidence of record, Maia Merin has suffered a past loss of earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that the Court should award Maia Merin a lump sum of $19,487.87 for her lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

**II.  Form of Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $103,102.25, in the form of a check payable to petitioner, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

                                              Respectfully submitted,

                                              JOSEPH H. HUNT
                                              Assistant Attorney General

                                              C. SALVATORE D'ALESSIO
                                              Acting Director
                                              Torts Branch, Civil Division

---

[1]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        /s/ Claudia B. Gangi
        CLAUDIA B. GANGI
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 616-4138
        Email:  claudia.gangi@usdoj.gov

Dated:  September 26, 2019